**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gererd Kenneth Botch, | No. CV-21-00466-PHX-DLR (MTM) |
| Petitioners, | **REPORT AND RECOMMENDATION** |
| v. | |
| Attorney General of the State of Arizona, | |
| Respondents. | |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

Petitioner Gererd Kenneth Botch has filed an amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docs. 12, 14.)

**I.  SUMMARY OF CONCLUSION**

Petitioner asserts an illegal search and seizure violated his Fourth Amendment rights, resulting in a jury convicting him in Superior Court on one count of possession or use of dangerous drugs.  Because Petitioner's request for relief is not cognizable in federal habeas proceedings, the Court recommends the amended Petition be denied and dismissed with prejudice.

**II.  BACKGROUND**

**A.  Conviction and Sentencing**

The Court presumes the state court's recounting of the facts is correct. 28 U.S.C. § 2254(e)(1). The Arizona Court of Appeals summarized the underlying facts of

Petitioner's offense and conviction as follows:

> In April 2017, Officer Baynes was on patrol in the west side of Phoenix. Around 1 a.m. he noticed a roadway, ending in a cul-de-sac, blocked by three or four shopping carts, a bicycle with a cart attached to it, and a fifty-five-gallon drum. Baynes also observed a "transient camp" on the side of the roadway. Botch and Randell Havier were in the middle of the road, and Baynes approached both men. Baynes first questioned Havier, who was later arrested for marijuana possession. Baynes asked Botch whether he possessed any drugs or drug paraphernalia. Botch said he did not, but he could not vouch for what was inside a nearby backpack.
>
> Baynes asked to search Botch's pockets. The parties disagree whether consent was given. Regardless, a search occurred and Baynes found cash, a bag of methamphetamine and a tightly-rolled dollar bill in Botch's pockets. Baynes activated his recording device, *Mirandized* Botch, and interviewed him. About sixteen minutes into the recorded interview, Botch said he never consented to be searched.
>
> Botch was arrested, charged, and convicted of possession or use of dangerous drugs, a Class 4 felony. Botch filed a pretrial motion to suppress evidence of drugs, drug paraphernalia, and statements he made to Baynes, claiming the encounter was illegal and that he did not consent to Baynes searching him. At the suppression hearing, Baynes testified that Botch consented to the search, but Havier testified that Botch "told [Baynes] not to" search his pockets.
>
> The court denied Botch's motion to suppress. Because of a factual error in the court's order, the State requested and obtained an order *nunc pro tunc* correcting the error; the court also *sua sponte* clarified its previous ruling and expressly found Botch consented to the search.
>
> Following his conviction, Botch was sentenced to a mitigated term of six years in prison.

*State v. Botch*, No. 1 CA-CR 19-0383, 2020 WL 5834845, at *1 (Ariz. App. Oct. 1, 2020). (Doc. 18-1, Ex. S, at 209–10.)

### B.     Direct Appeal

Petitioner timely appealed his conviction, challenging: (1) the denial of his motion to suppress; (2) alleged prosecutorial misconduct; and (3) allegedly improper trial

- 2 -

testimony. (Doc. 18-1, Ex. P, at 111–154.) Petitioner argued the Superior Court erred because law enforcement's search and seizure lacked reasonable suspicion of criminal activity and consent. (Doc. 18-1, Ex. P, at 111–30.) The Arizona Court of Appeals affirmed Petitioner's conviction on October 1, 2020. (Doc. 18-1, Ex. S, at 209.) The Arizona Supreme Court denied his petition for review on February 16, 2021. (Doc. 18-1, Ex. T, at 217; Doc. 18-1, Ex. U, at 236.)

### C. Post-Conviction Relief Proceedings

Petitioner filed a notice of post-conviction relief in the Superior Court on April 5, 2021. (Doc. 18-1, Ex. W, at 240.) The Superior Court appointed counsel, but to date nothing in the record indicates it has ruled on the petition. (Doc. 18-1, Ex. X, at 248.) Respondents concede the pending post-conviction relief petition does not prevent this Court from resolving Petitioner's habeas Petition. (Doc. 18 at 6.) Because Petitioner raised his ground for relief to the Arizona Court of Appeals, he has exhausted his claim in the state courts. *See Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) ("Except in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." (alteration omitted) (citation omitted)). Further, because Petitioner's ground for relief was "finally adjudicated on the merits in an appeal," he is precluded from raising it in an Arizona post-conviction relief proceeding. *See* Ariz. R. Crim. P. 32.2(a)(2). Petitioner's sole ground for relief, therefore, is properly before this Court.

### III. PETITION FOR WRIT OF HABEAS CORPUS

As summarized in this Court's Order, Petitioner "raises one ground for relief, alleging his Fourth Amendment rights were violated when he was subjected to an illegal search and seizure." (Doc. 15 at 3.) Petitioner contends law enforcement's search and seizure, which resulted in the evidence used against him at trial, were illegal. (Doc. 12 at 3.) He asserts law enforcement "violated [his] 4th Amendment right to privacy and to not be harassed." (Doc. 12 at 3.)

This Court may review petitions for a writ of habeas corpus from individuals held

in custody under a state-court judgment on the ground the person is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Petitioner's ground for relief, however, is not cognizable in federal habeas proceedings. A Fourth Amendment claim is not cognizable in a § 2554 proceeding when the petitioner had "an opportunity for full and fair litigation" of the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see Newman v. Wengeler*, 790 F.3d 876, 878–79 (9th Cir. 2015) (holding the *Stone* doctrine survived the passage of the Antiterrorism and Effective Death Penalty Act, which governs federal habeas proceedings). The ability to move for suppression of evidence constitutes "an opportunity for full and fair litigation," regardless of whether a claim was actually raised or litigated. *See Gordan v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990).

Here, Petitioner had, and indeed took advantage of, a full and fair opportunity to litigate the search-and-seizure issue. Before trial, Petitioner moved to suppress the drugs and drug paraphernalia law enforcement found on his person, as well as post-search statements. (Doc. 18-1, Ex. C, at 11.) The State opposed the motion, and the Superior Court held an evidentiary hearing. (Doc. 18-1, Ex. D, at 27–39; Doc. 18-1, Ex. E, at 42). The Superior Court ruled law enforcement had reasonable suspicion a crime had occurred, and the search was incident to a valid arrest. (Doc. 18-1, Ex. F, at 47.) Further, the Superior Court found Petitioner consented to the search. (Doc. 18-1, Ex. G, at 50.) Petitioner raised the issue again in a motion for reconsideration to the Superior Court (doc. 18-1, Ex. I, at 58–61), in his direct appeal to the Arizona Court of Appeals (doc. 18-1, Ex. P, at 111–30), and in his petition for review to the Arizona Supreme Court (doc. 18-1, Ex. T, at 224–32). Petitioner fully exercised his opportunities in the Arizona courts to litigate his Fourth Amendment issue. Accordingly, Petitioner's ground for federal habeas relief is not cognizable in this Court. *See Moormann v. Shriro*, 426 F.3d 1044, 1053 (9th Cir. 2005) (petitioner had "full and fair opportunity" to litigate Fourth Amendment issue when petitioner raised the issue in a pre-trial motion, the trial court held an evidentiary hearing, the trial court made a factual finding and ruled, and appellate courts reviewed the trial

court's decision).

In his Reply, Petitioner characterizes his Fourth Amendment claim as distinct from a precluded, exclusionary-rule claim. Petitioner asserts he "does not argue a subconstitutional issue," as he does not argue that suppression "of the illegally seized evidence" should have occurred. (Doc. 19 at 3.) Rather, Petitioner argues his ground for relief "addresses the clear constitutional prohibition against illegal searches by the agents of the government." (Doc. 19 at 3.)

Fourth Amendment claims not grounded in the exclusionary rule may be cognizable in federal habeas proceedings in some circumstances. *See Burnett v. Mun. of Anchorage*, 634 F. Supp. 1029, 1033–34 (D. Alaska Feb. 28, 1986), *aff'd*, 806 F.2d 1447 (9th Cir. 1986) (addressing the merits of the petitioners' claims). In *Burnett*, the petitioners argued Alaska's implied-consent law was unconstitutional and violated their Fourth Amendment rights. *Id.* at 1034. There, the District Court distinguished that challenge from "typical Fourth Amendment claims, in which the petitioner seeks habeas review of an issue that has no bearing on the basic justice of his incarceration." *Id.* (quoting *Stone*, 428 U.S. at 491, n.31) (alteration omitted) (internal quotation marks omitted). "Although the petitioners are challenging the validity of a purported search, they are not doing so in the context of an objection to the admissibility of evidence, but rather as part of a challenge to the very constitutionality of the statutes under which they were convicted." *Id.* The District Court in *Burnett* held that the petitioners' habeas claims were cognizable. *Id.*

Here, the Court is not persuaded by Petitioner's attempt to distinguish *Stone*. This case is less like *Burnett* and more like the "typical Fourth Amendment claim" to which *Stone* alludes. 428 U.S. at 491, n.31. Unlike in *Burnett*, Petitioner's challenge does not touch the "basic justice of his incarceration." 634 F. Supp. at 1034 (citation omitted). Petitioner does not challenge the validity of the statute under which he was convicted. He merely contends the search and seizure themselves were unlawful, principally by attacking the Superior Court's probable-cause and consent findings. Indeed, despite how Petitioner's Reply frames his request for relief, his habeas Petition does attack the admissibility of

- 5 -

evidence, as Petitioner asks the Court to release him because he "proceeded to trial with evidence that was fabricated and should not have been allowed." (Doc. 12 at 8.) The Reply invokes "the clear constitutional prohibition against illegal searches by the agents of the government." (Doc. 19 at 3.) The remedy for an illegal search, however, is suppression of evidence. *See United States v. Garcia*, 974 F.3d 1071, 1075 (9th Cir. 2020) ("The typical remedy for a Fourth Amendment violation is the exclusion of evidence discovered as a result of that violation from criminal proceedings against the defendant."). Accordingly, even assuming Fourth Amendment claims not based on exclusionary-rule arguments are cognizable in federal habeas proceedings, Petitioner's case is does not fit within that exception and is instead a non-cognizable, "typical Forth Amendment claim." *See Stone*, 428 U.S. at 491, n.31.

## IV. CONCLUSION

Petitioner's sole ground for relief is not cognizable in federal habeas proceedings. The record is sufficiently developed, and the Court finds an evidentiary hearing is unnecessary for resolving this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Accordingly,

**IT IS RECOMMENDED** the amended Petition for a writ of habeas corpus (docs. 12, 14) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** a certificate of appealability and leave to proceed *in forma pauperis* on appeal be **DENIED**. Petitioner has not demonstrated reasonable jurists could find the ruling debatable or jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of this Report and Recommendation's copy to file specific, written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R.

1 | Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days to respond to the
2 | objections. Failure to timely object to the Magistrate Judge's Report and Recommendation
3 | may result in the District Court's acceptance of the Report and Recommendation without
4 | further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
5 | Failure to timely object to any factual determinations of the Magistrate Judge may be
6 | considered a waiver of a party's right to appellate review of the findings of fact in an order
7 | of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See*
8 | Fed. R. Civ. P. 72.

Dated this 30th day of December, 2021.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge