1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

7
8

| | |
|---|---|
| Gererd Kenneth Botch, | No. CV-21-00466-PHX-DLR (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, | |
| Respondent. | |

9
10
11
12
13
14
15

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 20) regarding Petitioner Gererd Kenneth Botch's Amended Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254 (Docs. 12, 14.)  Also pending before the Court is Petitioner's "Formal Request to file 2nd Habeas Petition" (Doc. 23.)

16
17
18
19
20

The R&R found that Petitioner's request for relief is not cognizable in federal habeas proceedings and recommends that the Amended Petition be denied and dismissed with prejudice.  Petitioner filed an objection to the R&R (Doc. 21), and Respondents filed their Reply (Doc. 22).

21
22
23
24

**I.  FACTS**

The underlying facts are set forth by the Arizona Court of Appeals as follows:

25
26
27
28

> In April 2017, Officer Baynes was on patrol in the west side of Phoenix. Around 1 a.m. he noticed a roadway, ending in a cul-de-sac, blocked by three or four shopping carts, a bicycle with a cart attached to it, and a fifty-five-gallon drum. Baynes also observed a "transient camp" on the side of the roadway. Botch and Randell Havier were in the middle of the road, and Baynes approached both men. Baynes first questioned Havier, who

was later arrested for marijuana possession. Baynes asked Botch whether he possessed any drugs or drug paraphernalia. Botch said he did not, but he could not vouch for what was inside a nearby backpack.

Baynes asked to search Botch's pockets. The parties disagree whether consent was given. Regardless, a search occurred and Baynes found cash, a bag of methamphetamine and a tightly-rolled dollar bill in Botch's pockets. Baynes activated his recording device, *Mirandized* Botch, and interviewed him. About sixteen minutes into the recorded interview, Botch said he never consented to be searched.

Botch was arrested, charged, and convicted of possession or use of dangerous drugs, a Class 4 felony. Botch filed a pretrial motion to suppress evidence of drugs, drug paraphernalia, and statements he made to Baynes, claiming the encounter was illegal and that he did not consent to Baynes searching him. At the suppression hearing, Baynes testified that Botch consented to the search, but Havier testified that Botch "told [Baynes] not to" search his pockets.

The court denied Botch's motion to suppress. Because of a factual error in the court's order, the State requested and obtained an order *nunc pro tunc* correcting the error; the court also *sua sponte* clarified its previous ruling and expressly found Botch consented to the search.

Following his conviction, Botch was sentenced to a mitigated term of six years in prison.

*State v. Botch*, No. 1 CA-CR 19-0383, 2020 WL 5834845, at *1 (Ariz. App. Oct. 1, 2020). (Doc. 18-1, Ex. S, at 209–10.) The Arizona Court of Appeals affirmed the conviction and the Arizona Supreme Court denied review.

## II.  FINDINGS OF THE R&R

The sole ground for relief alleged in the Amended Petition is a Fourth Amendment claim.  Petitioner contends that law enforcement violated his Fourth Amendment right to privacy and to not be harassed when they conducted the search that resulted in the discovery of the evidence that was used at trial to convict him.  Petitioner's request for post-conviction relief ("PCR") is still pending before the trial court because the sole ground for relief alleged in the Amended Petition has been finally adjudicated on the merits in an appeal.  Nevertheless, he is properly before this Court.

The R&R correctly determined that Petitioner's Fourth Amendment Claim, his sole

1    ground for relief, is not cognizable in federal habeas proceedings.  Citing *Stone v. Powell*,

2    428 U.S. 465, 494 (1976) and *Newman v. Wengeler*, 790 F.3d 876, 878-79 (9th Cir. 2015),

3    the R&R correctly stated that "[a] Fourth Amendment claim is not cognizable in a § 2554

4    proceeding when the petitioner had 'an opportunity for full and fair litigation' of the claim

5    in state court."  (Doc. 20 at 4.)  Petitioner fully litigated the search-and-seizure issue in

6    state court.  *Id.*

7    **III.  PETITIONER'S OBJECTIONS.**

8         Petitioner first argues that he lacked an opportunity to fully and fairly litigate the

9    Fourth Amendment claim because the trial court was mistaken when it denied his

10   suppression motion.  (Doc. 21 at 1.)   But the Amended Petition did not allege that

11   procedural deficiencies occurred in the state court proceedings.  Because there were no

12   allegations in the Amended Petition that the opportunity to litigate the claim was not full

13   and fair, there was no reason for the R&R to address that issue.  The issue was possibly,

14   arguably, raised in Petitioner's Reply brief.  If it was, raising that argument for the first

15   time in the reply amounts to a waiver of the argument.  *United States v. Romm*, 455 F.3d

16   990, 997 (9th Cir. 2006).  The issue was waived.

17        Petitioner's objection also raises, for the first time, an assertion of a freestanding

18   factual innocence claim.  Although a district court has the discretion to consider evidence

19   presented for the first time in party's objection, the Court finds no reason to do so.  There

20   is no reliable evidentiary support for his claim.  Petitioner relies on a summary of his self-

21   serving, presumably trial testimony,[1] that the pants in which the methamphetamine was

22   found were given to him and he was not aware they contained drugs.  Even if his testimony

23   was deemed credible, it does not meet the burden of establishing that more likely than not

24   no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.  He

25   admitted that he snorted methamphetamine earlier the same day the drugs were found in

26   his pants.  He also concedes that had he been tested he would have been tested positive for

27

28   _____

     [1] Respondents did not include trial transcripts as part of their answer.  Based on the nature of the claim asserted there was no reason for trial transcripts to be included or for the magistrate judge to order that they be included.  *See* 28 U.S.C. § 2254, Rule 5.

1  methamphetamine.  (Doc. 18-1 at 106, 163.)  His explanation of drugs placed in the pants

2  by some unknown person before he put them on and his admissions that he was a user of

3  methamphetamine the day he was searched, does not present the kind of evidence that

4  would overcome the extraordinarily high burden for establishing a claim of freestanding

5  factual innocence.

6  **IV.  MOTION TO FILE SECOND HABEAS PETITION**.

7  For this Court to have jurisdiction to consider a second habeas petition, Petitioner

8  must obtain the Ninth Circuit's authorization to file a second petition. 28 U.S.C. §

9  2244(b)(3)(C).  To obtain the Ninth Circuit's authorization, Petitioner must make a prima

10  facie showing that a second petition is not statutorily barred.  *Balbuena v. Sullivan*, 980

11  F.3d 619, 635 (9th Cir. 2020).  Petitioner, having failed to comply with this jurisdictional

12  requirement, this Court lacks jurisdiction to authorize or consider a second habeas petition.

13  **IT IS ORDERED** that the R&R (Doc.20) is **ACCEPTED**.

14  **IT IS ORDERED** that Petitioner's Amened Petition for Writ of Habeas Corpus

15  filed pursuant to 28 U.S.C. § 2254 (Docs. 12, 14) is **DISMISSED** with prejudice.

16  **IT IS ORDERED** that Petitioner's "Formal Request to file 2nd Habeas Petition"

17  (Doc. 23) is **DENIED**.

18  **IT IS ORDERED** that a Certificate of Appealability and leave to proceed in forma

19  pauperis on appeal are **DENIED** because the dismissal of the Petition is justified because

20  reasonable jurists would not find the ruling debatable, and because Petitioner has not made

21  a substantial showing of the denial of a constitutional right. The Clerk of the Court shall

22  enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus

23  filed pursuant to 28 U.S.C. § 2254 (Docs. 12, 14) with prejudice and shall terminate this

24  action.

25  Dated this 15th day of March, 2022.

26

27

28  Douglas L. Rayes
United States District Judge

- 4 -